1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| KRISTI LAURIS, et. al., | Case No.  1:16-cv-00393-LJO-SAB |
| Plaintiffs, | ORDER RE INFORMAL DISCOVERY DISPUTE |
| v. | (ECF No. 32) |
| NOVARTIS AG, et al., | |
| Defendants. | |

16

17    On March 22, 2016, Plaintiffs filed a complaint in this action.  (ECF No. 1.)  On May 13,

18  2016, Defendant Novartis Pharmaceuticals Corporation ("Defendant NPC") filed a motion to

19  dismiss.  (ECF No. 18.)  Due to the pending motion to dismiss the initial scheduling conference

20  in this action was continued to August 30, 2016.  (ECF No. 25.)  On June 3, 2016, Plaintiff filed

21  an amended complaint.  (ECF No. 28.)  On June 17, 2016 the parties filed a stipulation to extend

22  time for Defendants to respond to the complaint until July 8, 2016.  (ECF No. 31.)  On June 20,

23  2016, the parties filed a joint statement of discovery dispute.  (ECF No. 32.)  On this same date

24  Defendant Novartis Pharmaceuticals Corporation filed a motion to dismiss.  (ECF No. 33.)

25    The Court conducted an informal telephonic discovery dispute conference on June 21,

26  2016.  Richard Elias and Tamara Spicer appeared for Plaintiffs; Julie Park appeared for Novartis

27  AG; and Sandra Edwards and Robert Johnston appeared for Defendant Novartis Pharmaceuticals

28  Corporation.

1    Prior to the scheduling conference being continued the parties met and conferred

2 regarding the joint Rule 26(f) report.  Plaintiffs contend that this meeting opened discovery in

3 this action and have served discovery and are attempting to schedule depositions in the action.

4 Defendants respond that discovery is not open until after the Court conducts the initial

5 scheduling conference.  Rule 26 provides that the parties may not seek discovery before they

6 have conferred as required by Rule 26(f).  Fed. R. Civ. P. 26(d)(1).

7    Plaintiff relies on Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-CV-02630, 2011

8 WL 489743 (E.D. Cal. Feb. 7, 2011) to argue that discovery since opened once the parties

9 conferred regarding the joint statement, discovery should proceed.  However, the Court finds

10 Mlejnecky to be distinguishable.  In Mlejnecky the initial scheduling conference was held and a

11 scheduling order had issued.  In this action, the scheduling conference has been continued to

12 allow for the pleadings to be finalized and the defendants to file an answer.  The Court finds that

13 in such a situation it is in the interest of judicial economy and to avoid unnecessary litigation

14 expenses to continue the initial scheduling conference and discovery until after the defendants

15 have appeared in the action and filed an answer.

16    "The District Court has broad discretion to stay proceedings as an incident to its power to

17 control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997).  This "power to stay

18 proceedings is incidental to the power inherent in every court to control the disposition of the

19 causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

20 Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).    The Court finds that allowing the parties to

21 litigate the pleadings will provide the parties with the parameters by which this action will

22 proceed.  This will assist the parties and Court in managing the litigation as it proceeds forward.

23    Further, Defendants have filed a motion to dismiss which if granted will limit the claims

24 proceeding in this action.  Also, Defendants seek to address whether discovery in this action

25 should be phased at the scheduling conference which could affect the discovery sought by

26 Plaintiff during the current stage of litigation.  Based on the foregoing, the Court finds good

27 cause to stay discovery in this action untill after the initial scheduling conference has been

28 conducted.

1      The parties are advised that should the pleadings continue to be unsettled at the time of

2  the August 30, 2016 scheduling conference, the Court will entertain the issue of discovery at that

3  time.   Further, if Plaintiffs have information that discovery is needed to perpetuate witness

4  testimony a motion may be made pursuant to Fed. R. Civ. P. 27(b)(1).   The parties are advised

5  that it is this Court's practice that motions to perpetuate testimony must be based upon

6  competent medical evidence demonstrating the medical necessity of the deposition.

7      Accordingly, IT IS HEREBY ORDERED that all discovery in this action is stayed until

8  the initial scheduling conference has been conducted.

9

10 IT IS SO ORDERED.

11 Dated:   **June 21, 2016**

      _____
      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28