# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI LAURIS, et. al., | Case No. 1:16-cv-00393-LJO-SAB |
| Plaintiffs, | ORDER DENYING PLAINTIFF'S NOTICE OF REQUEST TO SEAL WITHOUT PREJUDICE |
| v. | |
| NOVARTIS AG, et al., | (ECF No. 63) |
| Defendants. | |

On October 7, 2016, the parties stipulated to a protective order in this action. (ECF No. 59.) The order addressing the protective order informed the parties that a "party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion." (Id. at 13 (quoting Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009)). On November 9, 2016, Plaintiffs filed a notice of request to seal documents to be considered in their motion for discovery. (ECF No. 63.)

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of

public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Since resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179. However, where the request to seal addresses "private materials unearthed in discovery" a different standard applies. Pinto, 605 F.3d at 678. To seal records attached to a discovery or non-dispositive motions, the moving party is required to show that good cause exists to seal the documents. Id.

Good cause is a lower standard in which the Court balances the need for discovery against the need for confidentiality. Pintos, 605 F.3d at 678. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). If the court finds that particularized harm will result from disclosure of the information it then balances the public and private interests to determine if the information should be filed under seal. Phillips, 307 F.3d at 1210.

Here, Plaintiffs request to seal merely states that the documents that are sought to be filed under seal have been designated as confidential by Defendants and are required to be filed under deal by the protective order. However, a blanket protective order does not establish good to file documents under seal. Foltz, 331 F.3d at 1130. This Court did not make findings of good cause as to any document in the litigation and specifically informed the parties that they would be required to show good cause or compelling reasons to file any documents under seal. (ECF No. 59.)

In order to show good cause to file a document under seal, Plaintiffs must make a "particular showing" of good cause for each document sought to be filed under seal. Foltz, 331 F.3d at 1130. This requires Plaintiff to show the specific harm or prejudice that would arise from disclosure of the document. Id. Plaintiffs have not met their burden of demonstrating that good

cause exists to file any document under seal.

Plaintiffs are advised that the Court will only consider the documents addressed in the notice to seal in deciding the discovery motion if a second request to seal is filed demonstrating good cause for each of the documents which are sought to be filed under seal. If Plaintiffs do not file a second request to seal or file a motion in which they do not meet their burden for each document, the Court will not consider any documents that are not filed in the record.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' notice of request to seal documents is DENIED without prejudice;

2. Plaintiffs' may file a second request to file the documents under seal by noon on Monday, November 14, 2016; and

3. If Plaintiffs do not file a request to seal demonstrating good cause for each document or file the documents in the record, these documents will not be considered in deciding the motion for discovery.

IT IS SO ORDERED.

Dated: **November 10, 2016**

UNITED STATES MAGISTRATE JUDGE