UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI LAURIS, Individually and as Successor In Interest to the Estate of DAINIS LAURIS; KRISTI LAURIS as Guardian Ad Litem for L.L.; and TAYLOR LAURIS,<br><br>Plaintiffs,<br><br>v.<br><br>NOVARTIS AG, a Global Healthcare Company; NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No.: 1-16-cv-00393-SEH<br><br>ORDER |

The First Amended Complaint claims diversity jurisdiction. (Doc. No. 28 at 2.) Jurisdiction is not well-pleaded.

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state[.]

28 U.S.C. § 1332 (a)(1)-(2).

1

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-28 (3d ed. 2015). It is to be strictly construed. *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941). Plaintiffs, as the parties asserting jurisdiction, have the burden of proving such jurisdiction exists. *See Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986). "[T]he diversity jurisdiction statute . . . speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The citizenship rules for purposes of diversity apply to alien corporations as they do to domestic corporations. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.55, at 102-193 (3d ed. 2015). A corporation, for purposes of diversity, is a citizen of both the state of incorporation and of the state in which it has its principal place of business. *Montrose Chem. Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997); 28 U.S.C. §1332(c)(1). This principle is applicable to an alien corporation.

Plaintiffs fail to adequately plead both their own citizenship and the corporate citizenship of Defendant Novartis AG. Plaintiffs allege "[t]hey reside in Fresno, California." (Doc. No. 28 at 3.) Plaintiffs have not alleged their citizenship. An allegation of residency is insufficient to invoke diversity jurisdiction. Plaintiffs allege "Defendant Novartis AG is a global healthcare company based in Switzerland." (Doc. No. 28 at 3.) Defendant Novartis AG's principal place of business is not alleged. It is thus impossible for the Court to determine whether complete diversity exists.

Fed. R. Civ. P. 12(h)(3) and case law provide that a party, or the court on its own initiative, may raise lack of subject-matter jurisdiction issues at any stage in the litigation, even after the trial and judgment entry. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

2

ORDERED:

This case will be dismissed on March 24, 2017, unless Plaintiffs file an amended pleading properly alleging jurisdiction on or before that date.

DATED this 15th day of March, 2017.

SAM E. HADDON
United States District Judge