UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI LAURIS, Individually and as Successor In Interest to the Estate of DAINIS LAURIS; KRISTI LAURIS as Guardian Ad Litem for L.L.; and TAYLOR LAURIS,<br><br>Plaintiffs,<br><br>v.<br><br>NOVARTIS AG, a Global Healthcare Company; NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No.: 1-16-cv-00393-SEH<br><br>ORDER |

The Order of Reassignment in this case was issued by United States Chief District Judge Lawrence J. O'Neill on March 2, 2017. (Doc. No. 82.)

ORDERED:

The revised schedule which follows in part confirms, and in part supersedes, supplements, and replaces the Scheduling Order of August 31, 2016. (Doc. No. 57.)

1. The deadline for amendments to pleadings expired on January 13, 2017. (Doc. No. 57 at 2.) The Court ordered Plaintiffs to file an amended pleading properly alleging jurisdiction on or before March 24, 2017. (Doc. No. 85 at 3.) A Second Amended Complaint was filed on March 16, 2017. (Doc. No. 87.) All Defendants have answered. (Doc. Nos. 90, 91.) Further amendments to pleadings will not be permitted.

1

2.	The deadline for initial disclosures under Fed. R. Civ. P. 26(a)(1) expired on September 30, 2016. (Doc. No. 13 at 2.)

3.	Disclosures of experts is required by June 1, 2017. (Doc. No. 57 at 3.) Disclosures of supplemental experts is required by June 30, 2017. (Doc. No. 57 at 3.)

4.	The deadline for completion of discovery for non-experts is May 22, 2017. (Doc. No. 57 at 3.) The deadline for completion of discovery for experts is August 1, 2017. (Doc. No. 57 at 3.)

5.	Expert reports for any witness retained or specially employed to provide expert testimony, or whose duties as an employee of a party involve giving expert testimony is required and shall be filed and served on or before **June 30, 2017.** Expert reports for any witness retained or specially employed to provide expert testimony, or whose duties as an employee of a party involve giving expert testimony, are required. Such reports shall comply with Fed. R. Civ. P. 26(a)(2)(B) and the requirements of this Order and are to include:

    a.	A separate statement of each opinion to be offered.

    b.	Specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming the each of the opinions expressed.

    c.	A separate statement of the bases and reasons for each of the opinions.

Expert reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

Expert reports will be required from treating physicians if testimony to be offered will include any opinions not fully expressed in the physician's medical records.

6.	Separate written disclosures of all non-retained experts (expert witnesses not required to provide a written report) are required and shall be filed and served on or before **June**

30, 2017. Such disclosures must address and include all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C) and shall include:

    a.     A separate statement of each opinion to be offered.

    b.     Specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming the each of the opinions expressed.

    c.     A separate statement of the bases and reasons for each of the opinions.

Such disclosures are expected to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

Reports or depositions of experts determined to be inaccurate or incomplete are to be corrected or completed by supplemental disclosure filed within 30 days of the latter of the parties' expert disclosure date specified in paragraph 3 above or the date of the expert's deposition.

    7.     All pretrial motions and supporting briefs, other than discovery motions, and including non-dispositive motions, motions in limine, and motions for summary judgment, shall be filed on or before **September 1, 2017**. Briefs in response to motions shall be filed on or before **September 15, 2017**. Optional reply briefs may be filed on or before **September 22, 2017**. A hearing to consider all pretrial motions will be set by further order of court.

    8.     The parties must comply with Fed. R. Civ. P. 26(c)(1) and 37(a)(1) before a discovery motion may be filed. This requirement can be satisfied only through direct dialogue and discussion in a face to face meeting (whether in person or by electronic means), in a telephone conversation, or in detailed, comprehensive correspondence. All discovery motions with supporting briefs must without exception be filed no later than 10 days following the moving

party's compliance with Fed. R. Civ. P. 26(c)(1) and 37(a)(1). Untimely discovery motions may not be filed and will not be addressed or resolved if filed.

9. Identification and authenticity for all written documents produced in pretrial disclosure and during the course of discovery are stipulated, except as provided in this paragraph. If a party objects to either the identification or the authenticity of a particular document produced by another party, the objecting party must make and serve a specific written objection upon all other parties within 30 days of receipt. If a document is produced and the producing party objects either to its identification or authenticity, the producing party shall so state, in writing, to all other parties at the time of production. All other objections are reserved for trial.

10. A proposed final pretrial order compiled in compliance with the provisions of Fed. R. Civ. P. 26(a)(3)(A) and the terms of this Order shall be signed by all counsel, e-mailed to seh_propord@mtd.uscourts.gov, and filed on or before **November 17, 2017.**

At least fourteen days before the proposed final pretrial order is due, the plaintiff must convene a conference of all counsel at a suitable time and place to prepare the proposed final pretrial order. **All lists attached to the proposed final pretrial order must be in portrait orientation.**

    a. The proposed final pretrial order must address the following matters:

        i. *Nature of Action.* A plain, concise statement of the nature of the action and defenses asserted.

        ii. *Jurisdiction and Venue.* The statutory basis of federal jurisdiction and factual basis supporting jurisdiction and venue in the Eastern District of California.

        iii. *Jury or Nonjury.* Whether a party has demanded a jury of all or any of the issues and whether any other party contests trial of any issue by jury.

      iv.    *Agreed Facts.* A statement of all material facts that are not in dispute.

      v.    *Elements of Liability.* The legal elements of each theory of liability under which relief is sought.

      vi.    *Defense Elements.* The legal elements of each defense asserted.

      vii.    *Relief Sought.* The elements of monetary damage, if any, the specific nature of any other relief sought, and the amount of damages claimed.

      viii.    *Legal Issues.* A statement of disputed legal issues, including, if necessary to a reasonable understanding of the claim or defense, citations of supporting statutory and case authority.

      ix.    *Dismissals.* A statement of requested or proposed dismissals of parties, claims or defenses.

      x.    *Use of Discovery Documents.* A list of specific answers to interrogatories and responses to requests for admissions that a party expects to offer at trial.

      xi.    *Estimate of Trial Time.* An estimate of the number of court days each party requires for presentation of its case in chief.

b.    Before the filing of the proposed final pretrial order, the parties must:

    i.    *Exchange Exhibits.* Exchange copies of all items expected to be offered as exhibits. All exhibits must be premarked for identification. A party must make the original or the underlying documents of any proposed exhibit available for inspection on request.

    ii.    *Designate Deposition Excerpts.* Serve statements designating excerpts from depositions proposed to be offered at trial, other than for impeachment and

rebuttal. The deposition excerpt statements must identify the witness and specify the page numbers and line numbers of the deposition to be offered.

    iii. *Confer and Stipulate.* Attempt to resolve objections to witnesses, proposed exhibits, and designations of deposition testimony. Counsel must stipulate to the admissibility of as many exhibits as is practical and consistent with preserving legitimate objections.

11. The final pretrial order supersedes all prior pleadings and may not be amended except by leave of Court.

12. Objections to exhibits, deposition testimony, or the use of other discovery to be offered at trial (e.g. interrogatories and responses to requests for admission) shall be included within the final pretrial order and shall state specific grounds for all objections. Objections not stated are waived. Exhibits shall be filed in compliance with paragraph 15 of this Order.

13. Each party must attach to the proposed final pretrial order: (1) a will-call witness list; and (2) a may-call witness list. The list must show for each witness:

    a. the witness's city and state of residence;

    b. whether the witness is an expert witness and, if so, the date of the witness's report;

    c. for testimony to be offered by deposition, the page and line numbers of any part of the deposition the offering party intends to offer, and the page and line numbers of any additional part of the deposition the opposing party intends to offer;

    d. each party's objections to the opposing party's designation of testimony to be offered.

14. Each party must attach to the proposed final pretrial order: (1) a will-offer exhibit list; and (2) a may-offer exhibit list. Each exhibit list must:

    a. include columns showing:

        i. the number of the exhibit;

        ii. a brief description of the exhibit;

        iii. the other parties' objections to admission; and

        iv. any stipulation to admission; and

    b. include columns intended to show:

        i. the date the exhibit was admitted;

        ii. the date the exhibit was offered at trial;

        iii. the date ruling on its admission was reserved; and

        iv. the date the exhibit was refused or withdrawn.

15. Exhibits:

    a. Exhibits are to be bound in a loose-leaf binder and exchanged with opposing counsel prior to the filing of the proposed final pretrial order.

    b. Each exhibit shall bear an extended tab showing the number of the exhibit.

    c. **Each exhibit shall be labeled with a trial exhibit number only.**

    d. Each exhibit document shall be paginated, including any attachments.

    e. Plaintiff's exhibits shall be numbered 1 to 500. Defendant's exhibits shall be numbered 501 and above. All exhibits shall be numbered in chronological sequence.

    f. Exhibits shall not be duplicated.

    g. Exhibits shall be filed in the electronic record.

    h.    The original of document exhibits shall be delivered to the Clerk of Court on or before **November 17, 2017.**

    i.    A copy of exhibits shall be mailed to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626, on or before **November 17, 2017.**

    j.    The parties are expected to use the Court's available evidence presentation technology for exhibit display.

    k.    *Audio or video electronic exhibits must be in a format compatible with the evidence presentation technology. Parties may contact the Clerk's office for technical assistance.*

16.    No later than the date of filing of the proposed pretrial order, each party shall file and provide to Chambers:

    a.    Complete copy sets of all interrogatories served by the party.

    b.    Complete copy sets of all answers to interrogatories received from any party, if any portion of such answers are to be offered at trial.

    c.    Complete copy sets of all requests for admission served and of each response thereto to be offered at trial.

    d.    Complete copy sets of all requests for production served by a party and complete copy sets of all responses to requests for production, with copies of documents provided in response, sought to be offered as exhibits at trial.

    e.    The complete transcript of each deposition, any portion of which is to be offered at trial.

**All responses to discovery to be offered as evidence at trial must satisfy the requirements for admissibility as evidence under the Federal Rules of Evidence.**

17. The final pretrial conference set for 8:30 a.m. on November 15, 2017, is **VACATED** to be reset by further order of court. The proposed final pretrial order required by this Order shall be filed in lieu of a Joint Pretrial Statement.

18. A hearing to address, *inter alia*, issues related to admission of discovery responses at trial, admission of testimony to be offered by deposition at trial, and admission of exhibits at trial will be set by further order of court.

19. Jury trial set for 8:30 a.m. (PT) on January 23, 2018, will proceed as scheduled.

20. Deadlines for submission of trial briefs, proposed voir dire, proposed jury instructions, and proposed form of verdict will be set by separate order of court.

21. The settlement conference set for October 26, 2017, is **VACATED**. Settlement is and remains a matter for negotiation and agreement of the parties. A settlement conference will be ordered only upon stipulation or upon unopposed motion.

22. Unless otherwise ordered, all pretrial issues or motions or requests for court action or decision will be presented to, heard, and determined by the Court.

23. The Court may convene an interim status conference or conferences upon application by any party if deemed necessary or appropriate by the requesting party, or if the Court determines an additional conference to address trial related issues should be held.

DATED this 31st day of March, 2017.

/s/ SAM E. HADDON
SAM E. HADDON
United States District Judge