# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI LAURIS, Individually and as Successor In Interest to the Estate of DAINIS LAURIS; KRISTI LAURIS as Guardian Ad Litem for L.L.; and TAYLOR LAURIS,<br><br>Plaintiffs,<br><br>v.<br><br>NOVARTIS AG, a Global Healthcare Company; NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No.: 1-16-cv-00393-SEH<br><br>ORDER |

A telephonic status conference was held on April 7, 2017. Plaintiffs were represented by Richard Elias, Esq., Tamara Spicer, Esq., Brande Gustafson, Esq., and James Weakley, Esq. Defendant Novartis AG was represented by Erin Bosman, Esq. Defendant Novartis Pharmaceuticals Corporation was represented by Andrew Reissaus, Esq., Robert Johnston, Esq., and Sandra Edwards, Esq.

ORDERED:

1. In addition to the dates and deadlines established in Paragraph 7 of the March 31, 2017, scheduling order (Doc. No. 92), **the parties are advised that a brief in response to any pretrial motion filed before September 1, 2017, shall be filed within 14 days after the motion and supporting brief are filed. Optional reply briefs may be filed within 7 days of the brief in response.**

1

2. Hearings on pretrial motions will be set, if appropriate, by further order of court.

3. A hearing on issues related to responses to discovery to be offered in evidence at trial, testimony to be presented by deposition at trial, and exhibits to be offered at trial and a final pretrial conference will be set by further order of court.

FURTHER ORDERED:

1. <u>Trial Briefs:</u> Trial Briefs directed to the particular issues of the case shall be filed on or before **December 29, 2017.**

2. <u>Voir Dire:</u> Proposed voir dire questions shall be filed on or before **December 29, 2017.**

3. <u>Jury Instructions:</u>

    a. The parties shall prepare and file a set of proposed stipulated jury instructions (clean copies and working copies with source citations) on or before **December 29, 2017**, which shall include all necessary stock instructions, taken from the current Ninth Circuit Manual of Model Jury Instructions. Each party may also prepare and file proposed supplemental instructions (clean copies and working copies with source citations) if different from the agreed joint instructions. No two instructions shall have the same number.

    b. All instructions shall be short, concise, and understandable and neutral statements of the law. Argumentative instructions are improper, will not be given, and should not be submitted.

    c. Any modifications of instructions from statutory authority, Ninth Circuit pattern instructions, or other form instructions, must specifically state original source form citation, the modification made to the original form instruction and the authority supporting the modification.

    d. Each party shall prepare and file a set of proposed special interrogatories directed to significant issues of fact to be answered by the jury. Each party in addition shall prepare and submit a form of general verdict.

  e. On or before **December 29, 2017**, each party shall additionally e-mail a copy of its proposed joint and supplemental jury instructions, together will all verdict forms, to the Court's proposed order inbox at seh_propord@mtd.uscourts.gov.

4. <u>Format of Jury Instructions:</u>
  a. The clean copy shall contain:
    i. a heading reading "Instruction No. ___;" and
    ii. the text of the instruction.
  b. The working copy shall contain:
    i. a heading reading "Instruction No. ___;"
    ii. the text of the instruction;
    iii. the number of the proposed instruction;
    iv. the legal authority for the instruction; and
    v. the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

5. Final instructions for submission to the jury will be settled on the record prior to closing argument, at which time counsel may present argument and make objections.

6. Any party intending to use the courtroom electronic evidence system must notify the Court and Court Systems Administration staff at least 20 days before trial. Detailed information about the courtroom electronic evidence system is found on the Court's website, www.caed.uscourts.gov, under the "Attorney Info: Electronic Evidence Presentation" tab.

7. A party seeking to use videoconferencing for witnesses must obtain leave of Court at least 20 days before trial. Counsel responsible for such witness or witnesses shall make all necessary videoconference arrangements with Court systems staff. Trial will not be continued or interrupted if conferencing arrangements cannot be made or if the conference transmission signal is interrupted or lost.

8. <u>Calling Witnesses at Trial:</u>
When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four

copies of a single-page document providing:

    a.     The full name and current address of the witness;

    b.     A brief description of the nature and substance of the witness's testimony;

    c.     The date the witness was deposed or had a statement taken; and

    d.     A listing of each exhibit to which the witness may refer during direct examination.

DATED this 10th day of April, 2017.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge