ERIN M. BOSMAN (CA SBN 204987)
EBosman@mofo.com
JULIE Y. PARK (CA SBN 259929)
JuliePark@mofo.com
Morrison & Foerster LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100

Attorneys for Defendant
Novartis AG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kristi Lauris, Individually and as Successor In Interest to the Estate of Dainis Lauris; Kristi Lauris as Guardian ad Litem for L.L.; and Taylor Lauris,<br><br>Plaintiffs,<br><br>v.<br><br>Novartis AG, a Global Healthcare Company; Novartis Pharmaceuticals Corporation, a Delaware Corporation,<br><br>Defendants. | Case No. 1:16-cv-00393-SEH<br><br>**DEFENDANT NOVARTIS AG'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Crtrm: 4, 7th Floor<br><br>The Honorable Sam E. Haddon<br><br>Trial Date:    January 23, 2018<br><br>Complaint Filed: March 22, 2016 |

## I.   INTRODUCTION

Discovery is closed and has confirmed the following facts are undisputed and entitle Novartis AG to summary judgment: Novartis AG is a Swiss holding company that does not research, develop, manufacture, sell, market, or label TASIGNA® in the United States. Despite a full and fair opportunity to take discovery, none of Plaintiffs' claims against Novartis AG can survive summary judgment.

In an effort to avoid undue costs for the parties and burdens on the Court, counsel conferred before filing this motion to understand whether discovery yielded a dispute as to a material fact that could subject Novartis AG to liability. No such factual dispute was identified, but requests to dismiss Novartis AG without unnecessary motion practice and burden on the Court were denied. This motion followed.

## II.   BACKGROUND

Plaintiffs' Second Amended Complaint (SAC, ECF No. 87) alleged that decedent Dainis Lauris developed atherosclerosis as a result of taking Tasigna, and that Mr. Lauris died as a result of a stroke that Plaintiffs attribute to his atherosclerosis.

Plaintiffs brought four causes of action against both Novartis Pharmaceuticals Corporation ("NPC") and Novartis AG: (1) Strict Products Liability; (2) Negligence; (3) Wrongful Death; and (4) a Survival Cause of Action. Each is premised on an alleged failure to warn—i.e., an attack on the label claiming that Mr. Lauris's prescribing physician did not receive adequate warning about the risk of atherosclerosis. Co-defendant NPC denies liability, as set forth in its own motion for summary judgment. It is undisputed that NPC was responsible for the label of the drug at issue and Novartis AG was not.

Fact discovery closed May 22, 2017. Plaintiffs sought neither documents nor depositions from Novartis AG. Expert discovery closed July 31, 2017.

## III.   STATEMENT OF UNDISPUTED FACTS

Novartis AG is a Swiss holding company. (Novartis AG's Separate Statement of Undisputed Facts ("SSUF") ¶ 1.) It is legally separate from NPC and does not operate the

business of NPC. (*Id.* ¶ 2.) It does not research, develop, manufacture, sell, market, or label Tasigna, the drug at issue here, in the United States. (*Id.* ¶ 3.)

Tasigna was sold in the United States by NPC, who was also responsible for maintaining and updating the language in Tasigna's U.S. prescribing information. (*Id.* ¶ 4.) The regulatory lead for Tasigna worked for NPC and was responsible for "[d]eveloping the global regulatory strategy for the product for things such as . . . managing any label changes that needed to be done based on new studies or new safety information that was emerging; . . . [and] addressing any questions that came from health authorities relating to the products . . . ." (*Id.* ¶ 5.) NPC was also responsible for proposing label changes and seeking FDA approval. (*See, e.g.*, *id.* ¶ 6.)

NPC was responsible for providing warnings to Mr. Lauris's prescribing physician. Novartis AG was not. There is no genuine issue of material fact; summary judgment in Novartis AG's favor is warranted.

### IV.  LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the nonmoving party bears the burden of proof at trial, however, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Id.* at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586.

## V. ARGUMENT

### A. Novartis AG Was Not Responsible for Tasigna's Label and Therefore Cannot Be Liable for Strict Products Liability or Negligence

In order to prevail on their strict products liability and negligence claims, Plaintiffs must prove that Novartis AG had a duty to warn. The undisputed facts show that Novartis AG did not. Accordingly, Plaintiffs' claims against Novartis AG fail and summary judgment should be granted.

In a strict liability claim for a prescription drug product under California law, "liability attaches only if a manufacturer fails to warn of dangerous propensities of which it was or should have been aware, in conformity with comment k" of Section 402A of the Restatement Second of Torts. *Brown v. Super. Ct.*, 44 Cal. 3d 1049, 1060-61 (1998). "Negligence law in a failure-to-warn case requires a plaintiff to prove that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e., what a reasonably prudent manufacturer would have known and warned about." *Carlin v. Super. Ct.*, 13 Cal. 4th 1104, 1112 (1996).[1] It is undisputed that Novartis AG did not manufacture or sell the Tasigna at the center of this dispute and had no duty to warn. Accordingly, summary judgment for Novartis AG is appropriate based on the "complete failure of proof concerning an essential element"—i.e., failure to warn. *See Celotex*, 477 U.S. at 323.

Perhaps realizing that Swiss holding companies do not sell pharmaceutical products in the United States, Plaintiffs did not specifically accuse Novartis AG of anything. Instead, they generally alleged that "Novartis" failed to warn individuals of allegedly known risks about Tasigna. But Plaintiffs have adduced no evidence that Novartis AG was responsible for warning Mr. Lauris's prescribing physician about potential risks of Tasigna. That is because there is none. Summary judgment should be granted as to Plaintiffs' strict liability and negligence claims.

---

[1] Plaintiffs must also prove causation and damages for both claims. *See Soule v. General Motors Corp.*, 8 Cal. 4th 548, 560 (1994) (elements of strict liability also include causation and injury; *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 479 (2001) (elements of negligence include causation and damages).

### B.     Novartis AG Cannot Be Held Liable on the Basis of NPC's Actions

Plaintiffs cannot disregard the corporate form of Novartis AG in an attempt to hold it liable for the actions of its indirect subsidiary, NPC.  While Plaintiffs alleged in the complaint that Novartis AG "controls" NPC (SAC ¶¶ 36-44), Plaintiffs can point to no evidence to support that allegation.  The evidence *does* support what Novartis AG has explained to Plaintiffs from the beginning of this litigation—that Novartis AG is a Swiss holding company that is not responsible for the drug at issue, and that NPC, a viable operating company, is responsible for sales of Tasigna in the United States.  (SSUF ¶¶ 1-3.)  As NPC's 30(b)(6) witnesses testified, NPC was responsible for managing label changes (SSUF ¶ 5), as well as proposing label changes and seeking FDA approval.  (*See, e.g.*, *id.* ¶ 6.)  Plaintiffs therefore cannot make a showing of facts supporting Novartis AG's liability because such facts simply do not exist.  Without any such evidence, summary judgment in Novartis AG's favor is warranted.  *See Bruntfield v. Ridge Tool Co.*, 546 F. Supp. 553 (S.D.N.Y. 1982) (granting summary judgment for parent company in products liability action where parent presented uncontroverted evidence of non-involvement); *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2014 WL 7272974 (S.D. Fla. Dec. 18, 2014) (granting summary judgment where plaintiff cited no record evidence demonstrating basis for holding company's liability); *DeMarino v. Sky Chefs, Inc.*, No. CIV.A. 05-2457, 2007 WL 2740547, at *2 (E.D. Pa. Sept. 19, 2007) (granting summary judgment for holding company).

Plaintiffs' supposed theory of Novartis AG's liability by virtue of its corporate relationship with NPC similarly fails.  It is a well-settled principle of corporate law that parent corporations are not liable for the acts of their subsidiaries.  *See, e.g.*, *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (collecting authority).  "Limited liability is the rule not the exception; and on that assumption large undertakings are rested, vast enterprises are launched, and huge sums of capital attracted."  *Anderson v. Abbott*, 321 U.S. 349, 362 (1944).  Thus, "it is hornbook law that 'the exercise of the "control" which stock ownership gives to the stockholders . . . will not create liability beyond the assets of the subsidiary.'"  *Bestfoods*, 524 U.S. at 61-62 (citation omitted).  "That 'control' includes the election of directors, the making of by-laws . . . and the doing of all

other acts incident to the legal status of stockholders.  Nor will a duplication of some or all of the directors or executive officers be fatal."  *Id.*  In light of these established principles, Novartis AG is not liable for NPC's actions.

Plaintiffs pleaded in conclusory fashion, without factual support, that "NPC functioned as Novartis AG's agent in the United States," performing tasks that would otherwise require Novartis AG's "own officials" to undertake.  (SAC ¶ 37.)  With discovery now complete, Plaintiffs cannot present evidence sufficient to meet the high bar required to demonstrate a corporate agency relationship.  "[T]he fact that [the parent] indirectly owns or holds the stock of [the subsidiaries] does not, without more, convert [the subsidiaries] into general agents." *Doe v. Unocal Corp.*, 248 F.3d 915, 930 (2001) (dismissing foreign parent corporation for lack of personal jurisdiction where California subsidiaries did not act as general agents of parent).  An agency relationship between a parent and subsidiary exists only if the parent's control over the subsidiary "is so pervasive and continual that the subsidiary may be considered nothing more than an agent or instrumentality of the parent"—a degree of control that is "over and above that to be expected as an incident of the parent's ownership of the subsidiary." *Reider v. Radisson Hotels Int'l*, No. 08-CV-2328-H (WMC), 2010 WL 11508274, at *2-3 (S.D. Cal. Mar. 8, 2010) (quoting *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 541 (2000)) (granting summary judgment in favor of parent corporations in absence of evidence establishing agency liability). Plaintiffs can offer no evidence that Novartis AG assumed such control over NPC concerning the sale of Tasigna at issue here.

In *Sukonik v. Wright Med. Tech., Inc.*, No. CV 14-08278 BRO (MRWx), 2015 WL 10682986 (C.D. Cal. Jan. 26, 2015), the court found there was no agency relationship between a holding company and subsidiary where it was undisputed that the holding company "had no role in designing, manufacturing, labeling, marketing, promoting, distributing, selling, or obtaining FDA clearance for the [medical device] at issue in this case," and the holding company "offered evidence that it is a holding company with no employees, and that it conducts no business in California." *Id.* at *6-7.  Although in the context of jurisdiction, the agency analysis is the same: Novartis AG is a holding company that conducts no operations in the United States, and did not

research, develop, manufacture, sell, market, or label Tasigna in the United States.  Just as in *Sukonik*, there is no agency relationship here, warranting summary judgment in Novartis AG's favor.  *See also Standard Wire & Cable Co. v. AmeriTrust Corp.*, 697 F. Supp. 368, 375 (C.D. Cal. 1988) (granting summary judgment in favor of parent corporation where plaintiff was unable to present evidence contradicting parent's evidence that it was not responsible for subsidiary's transactions); *Gallagher v. Mazda Motor of Am., Inc.*, 781 F. Supp. 1079, 1085 (E.D. Pa. 1992) (finding imputation of operating subsidiaries' contacts on parent holding company improper), cited with approval in *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1405 n.9 (9th Cir. 1994).

Lastly, Plaintiffs cannot impute Novartis AG with NPC's liability because there is no underlying liability to assign.  *See Williby v. Hearst Corp.*, No. 5:15-CV-02538-EJD, 2017 WL 1210036, at *4 (N.D. Cal. Mar. 31, 2017) (recognizing that corporation's purported liability for acts of subsidiary under agency principles is form of vicarious liability that requires underlying liability to impute).  As set out in its own Motion for Summary Judgment, NPC has demonstrated Plaintiffs' failure of proof on the underlying merits of Plaintiffs' claims.  Further, there can be no doubt that NPC is a legitimate operating company and is not merely a shell established through corporate restructuring to deceive creditors or commit fraud.  *See AngioScore, Inc. v. TriReme Med., Inc.*, 87 F. Supp. 3d 986, 1015 (N.D. Cal. 2015) (granting summary judgment for parent corporation where plaintiff failed to show reason to pierce corporate veil between corporations).  Plaintiffs therefore have no proper basis on which to keep Novartis AG in this case.

### C.     Plaintiffs' Wrongful Death and Survival Causes of Action Also Fail

Plaintiffs' wrongful death and survival causes of action rise and fall on their underlying strict liability and negligence claims.  Because Plaintiffs cannot prove strict liability or negligence against Novartis AG, summary judgment should also be granted on their wrongful death and survival causes of action.

California defines wrongful death as a "cause of action for the death of a person caused by the wrongful act or neglect of another."  Cal. Civ. Proc. Code § 377.60.  The elements are: (1) "tort (negligence or other wrongful act)"; (2) "resulting death"; and (3) "damages, consisting of the pecuniary loss suffered by the heirs."  *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256,

1263 (2006). Similarly, an essential element of Plaintiffs' survival cause of action is negligence or strict liability, since "[a] survival action is a personal injury action that survives to permit a decedent's estate to recover damages that would have been personally awarded to the decedent had he survived." *Provencio v. Def. Tech., Corp. of Am.*, No. 1:07-CV-0651 AWI DLB, 2007 WL 2177800, at *2 (E.D. Cal. July 27, 2007) (citing Cal. Civ. Proc. Code §§ 377.20, 377.30). Because Plaintiffs cannot satisfy these elements, Novartis AG is entitled to summary judgment on the remaining wrongful death and survival counts. *See, e.g.*, *Rodas v. Porsche Cars N. Am., Inc.*, No. CV14-3747 PSG (MRWx), 2016 WL 6033535, at *9 (C.D. Cal. Apr. 4, 2016) (summary judgment on survival and wrongful death claims was warranted because plaintiff provided no evidence that death occurred as a result of defendant's alleged wrongdoing).

## VI.   CONCLUSION

For the foregoing reasons, Novartis AG respectfully requests that the Court grant its motion and enter judgment in favor of Novartis AG.

Dated: September 1, 2017                    MORRISON & FOERSTER LLP


                                            By: /s/ Julie Y. Park
                                                Julie Y. Park

                                            Attorneys for Defendant
                                            NOVARTIS AG