UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI LAURIS, Individually and as Successor In Interest to the Estate of DAINIS LAURIS; KRISTI LAURIS as Guardian Ad Litem for L.L.; and TAYLOR LAURIS,<br><br>Plaintiffs,<br><br>v.<br><br>NOVARTIS AG, a Global Healthcare Company; NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No.: 1-16-cv-00393-SEH<br><br><br>ORDER |

On December 22, 2017, the Court conducted a hearing, on the record, with counsel for the parties by telephone conference call.

Upon the record made at the hearing,

1. Defendants' Motion to Apply New Jersey Law to Plaintiff's Request for Punitive Damages and to Preclude Punitive Damages as Preempted[1] is DENIED.

2. Plaintiffs' Motion *in Limine* No. 1 to Admit Evidence Related to Reports of Adverse Events Similar to Those Suffered by the Decedent[2] is RESERVED, subject to potential limited purpose admission of particular evidence at trial, upon further consideration, and upon

---
[1] Doc. 167.
[2] Doc. 125.

Plaintiffs establishing admissibility in evidence of the specific exhibits identified and proffered by Plaintiffs in support of the motion.

3. Plaintiffs' Motion *in Limine* No. 2 to Admit Evidence Related to Foreign Health Authorities[3] is RESERVED, subject to potential limited purpose admission at trial of particular evidence, upon further consideration, and upon Plaintiffs establishing admissibility in evidence of the specific exhibits identified and proffered by Plaintiffs in support of the motion.

4. Plaintiffs' Motion *in Limine* No. 3 to Admit Defendants' Admissions Related to Causation[4] is RESERVED, subject to potential limited purposed admission at trial of particular evidence upon Plaintiffs establishing admissibility in evidence of specific exhibits as proof of notice known to Defendants of adverse effects arising from administration of Tasigna, the Court having declined to rule or determine that such exhibits could be considered as an admission by Defendants of evidence of a causal connection between use of the drug Tasigna and any injuries upon which Plaintiffs claims are founded.

5. Plaintiffs' Motion *in Limine* No. 4 to Admit Evidence Related to Defendants' Financial Motive[5] may be GRANTED, in part, for the limited purpose of supporting Plaintiffs' claim for punitive damages.

6. Defendant's Motion *in Limine* No. 1 to Exclude Evidence and Argument About Labeling Issues Controlled by the FDA[6] is DENIED.

7. Defendants' Motion *in Limine* No. 2 to Exclude Evidence or Argument Concerning Foreign Regulatory Actions[7] is DENIED.

---

[3] Doc. 126.
[4] Doc. 127.
[5] Doc. 128.
[6] Doc. 134.
[7] Doc. 135.

8. Defendants' Motion *in Limine* No. 3 to Exclude Evidence that Post-Dates Mr. Lauris' Use of Tasigna,[8] is DENIED unless it is demonstrated by Plaintiffs that evidence establishes that Defendants had specific knowledge of particular risks from Tasigna that were known to Defendants before use of the drug was discontinued.

9. Defendants' Motion *in Limine* No.4 to Exclude Loss of Chance Arguments[9] is GRANTED.

10. Defendants' Motion *in Limine* No. 5 (Omnibus)[10] is GRANTED in part, DENIED in part, and RESERVED in part as follows:

    a. Part I Exclude Discussion of Other Atherosclerotic Events Beyond Cerebrovascular Events is DENIED;

    b. Part II Exclude Discussion of Tasigna as a First-Line Therapy is DENIED;

    c. Part III Exclude Evidence and Argument Intended to Support Plaintiffs' Requested Punitive Damages Relief is DENIED;

    d. Part IV Exclude Evidence and Argument Concerning NPC's Motive, Intent or State of Mind is GRANTED;

    e. Part V Exclude Legal Conclusions from Expert Witnesses is GRANTED;

    f. Part VI Exclude Reference to "Severe Rapidly Progressing Atherosclerosis" is DENIED;

    g. Part VII Exclude Reference to Internal Labeling Deliberations Regarding Irrelevant Side-Effects is GRANTED;

    h. Part VIII Exclude Reference to Sales of Tasigna is RESERVED, as stated on the record;

---

[8] Doc. 136.
[9] Doc. 137.
[10] Doc. 138.

i. Part IX Preclude Plaintiff from Arguing that a "Warning" can only Appear in the Warnings and Precautions Section of the Label is DENIED;

j. Part X Preclude Opinions based on Assumption of Normal Lifespan is RESERVED; and

k. Part XI Preclude Evidence of Discovery Disputes at Trial is GRANTED.

DATED this 27th day of December, 2017.

*[signature]*
SAM E. HADDON
United States District Judge