# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI LAURIS, et. al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NOVARTIS AG, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00393-SEH-SAB<br><br>ORDER DENYING REQUEST TO SEAL DOCUMENTS IN SUPPORT OF PETITION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINOR'S CLAIMS<br><br>(ECF No.) |

　　　　On August 30, 2018, the district judge referred this matter to the undersigned for disposition of all settlement matters, including the petition for minor's compromise. (ECF No. 417.) On September 14, 2018, Plaintiff filed a petition for approval of the settlement and compromise of the minor's claims and a request to seal documents in support of the petition.

　　　　Pursuant to the Local Rule of the United States Court, Eastern District of California ("L.R."), documents may only be sealed by written order of the Court upon the showing required by applicable law. L.R. 141(a). Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been

kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).

There are two different standards for sealing documents. First, where the request to seal addresses "private materials unearthed in discovery," such as discovery or non-dispositive motions, the moving party is required to show that good cause exists to seal the documents. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). Defendant argues that the good cause standard applies to documents attached to a petition for approval of minor's compromise.

Where documents are accompanying a motion for resolution of disputes on the merits that "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events . . . 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179. The Ninth Circuit has recently found that the focus is not on the dispositive nature of the motion, but whether the motion at issue is more than tangentially related to the merits of the case. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir.), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016). Courts find that a request to seal documents attached to a petition for minor's compromise must meet the compelling reasons standard. Estate of Levingston v. Cty. of Kern, No. 116CV00188DADJLT, 2017 WL 4700015, at *2 (E.D. Cal. Oct. 19, 2017); M.F. v. United States, No. C13-1790JLR, 2015 WL 630946, at *3 (W.D. Wash. Feb. 12, 2015); M.P. ex rel. Provins v. Lowe's Companies, Inc., No. 2:11-CV-01985-GEB, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012).

The party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. Kamakana, 447 F.3d at 1180. The Court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed. Id. at 1178-79. This requires the Court to conscientiously balance the competing interests of the public in accessing the

records and the party who seeks to keep the records secret. Id. at 1179. The Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citations omitted). The fact that the parties have agreed to keep information confidential is not a compelling reason to seal court records. Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1138 (9th Cir. 2003.)

Here, Plaintiff seeks to seal the unredacted version of the settlement agreement and counsel's declaration in support of the petition for minor's compromise to protect the amount and terms of the settlement agreement. However, no compelling reasons to seal this information have been addressed.

Accordingly, IT IS HEREBY ORDERED that the request to seal documents is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __September 17, 2018__   _____
UNITED STATES MAGISTRATE JUDGE

3