# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI LAURIS, et. al., | Case No. 1:16-cv-00393-SEH-SAB |
| Plaintiffs, | ORDER CONTINUING HEARING ON PETITION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINOR'S CLAIMS AND DIRECTING PLAINTIFFS TO FILE MOTION TO SEAL |
| v. | |
| NOVARTIS AG, et al., | |
| Defendants. | DEADLINE: OCTOBER 22, 2018 |

On September 14, 2018, a notice of petition for approval and settlement of the minor's claims was filed along with a request to file documents under seal. (ECF Nos. 418, 419.) On September 17, 2018, an order issued denying the request to file documents under seal without prejudice. (ECF No. 421.) On September 25, 2018, a petition for approval of settlement and compromise of the minor's claims was filed. (ECF No. 423.) The petition for approval of the settlement of the minor's claims stated that due to the confidential nature of the settlement, the terms and amount of the settlement would be provided at the time of the hearing. (Id. at 1.)

A hearing on the petition was held on October 17, 2018. Counsel Richard Elias and James Weakley appeared with Plaintiffs Kristi Lauris, Taylor Lauris, and minor L. L. Lauris. Counsel Sandra Edwards appeared for Defendant Novartis Pharmaceuticals Corporation. During the hearing, the issue of the public disclosure of the settlement amount was discussed. Due to the confidential nature of the settlement, the parties did not agree to disclose the amount of the

1

settlement and proffered that the Court could review the settlement agreement *in camera*. The Court addressed the issue of how such *in camera* review would allow for appellate review of any decision finding that the settlement served the best interest of the minor. Basically, the parties are asking for the Court to consider the exhibit without having it in the public record or having the record filed under seal.

At the October 17, 2018 hearing, the parties argued that the petition filed meets the requirements of the Local Rule. However, the Local Rule does not create substantive law. See 28 U.S.C. § 2072(b) (The Supreme Court may prescribe rules of practice and procedure that "shall not abridge, enlarge or modify any substantive right."); 28 U.S.C. § 2071 (district courts may prescribe rules for the conduct of their business consistent with section 2072). In the context of proposed settlements in suits involving minor plaintiffs, courts have a special duty to safeguard the interests of litigants who are minors which requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). The Ninth Circuit has directed that "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Robidoux, 638 F.3d at 1181. In Robidoux, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel). Therefore, the Court finds that it need not consider the gross settlement, but that the net amount to the minor must be either disclosed in the record or the parties must file a motion to seal demonstrating that compelling reasons exist to seal the information.

Plaintiff argued that the request to seal the exhibit addressed the compelling reasons to file the document under seal. However, the request to seal sought to seal the document based on good cause, not compelling reasons. In the motion to seal, Plaintiffs argued that the settlement and compromise of the minor's claim was at best tangentially related to the merits of the case

1 and that the good cause standard applied without citing to any case law in support of applying
2 that standard. Plaintiffs then cited to cases finding good cause existed to preserve the
3 confidentiality of the settlement agreement. However, Plaintiffs never addressed whether
4 compelling reasons existed to seal the settlement agreement in the original motion nor did
5 Plaintiffs file a subsequent motion addressing whether compelling reasons exist to file the
6 settlement agreement under seal.

Plaintiffs cited to <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u> which stated that "[m]ost significantly, courts have granted protective orders to protect confidential settlement agreements." 307 F.3d 1206, 1210 (9th Cir. 2002). However, <u>Phillips</u> dealt with settlement agreements produced during discovery under a protective order and addressed whether the settlement agreement was subject to protection under Rule 26. <u>Id.</u> at 1211. In <u>Phillips</u>, the defendant had produced information under seal on the total number and aggregate dollar amounts of prior settlements and a motion for sanctions was filed by the plaintiff in which settlement information was included. <u>Id.</u> at 1209. The parties settled before the discovery motion was decided and after the case was dismissed the Los Angeles Times moved to intervene and requested the court unseal the settlement information. <u>Id.</u>

The district judge ordered the settlement information to be released on the grounds that the information did not deserve a protective order; the Los Angeles Times had a common law right of access to the filing; and the newspaper had a First Amendment right to the materials. <u>Phillips ex rel. Estates of Byrd</u>, 307 F.3d at 1209–10. The Ninth Circuit stated,

> If the district court decision was based on a failure to recognize that lower courts have the authority to grant protective orders for confidential settlement agreements, it was erroneous, and the district court must determine whether good cause exists. If the lower court did not make this legal error, then it needs to identify and discuss the factors it considered in its "good cause" examination to allow appellate review of the exercise of its discretion. The decision to lift the protective order is remanded and the lower court is instructed to conduct a "good cause" analysis consistent with the principles laid out in this opinion.

<u>Id.</u> at 1212. None of the cases cited by Plaintiffs found that compelling reasons existed to seal a settlement agreement.

As addressed in the September 17, 2018 order denying the request to seal without

3

1 prejudice, there are two different standards for sealing documents.  First, where the request to 2 seal addresses "private materials unearthed in discovery," such as discovery or non-dispositive 3 motions, the moving party is required to show that good cause exists to seal the documents. 4 Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).  Where a confidential 5 settlement document is produced in discovery or attached to a nondispositive motion, courts may 6 find that there is good cause to seal the document.  Phillips ex rel. Estates of Byrd v. Gen. 7 Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002).

8 However, where documents are accompanying a motion for resolution of disputes on the 9 merits that "is at the heart of the interest in ensuring the 'public's understanding of the judicial 10 process and of significant public events . . . 'compelling reasons' must be shown to seal judicial 11 records attached to a dispositive motion."  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 12 1172, 1179 (9th Cir. 2006).  The Ninth Circuit has recently found that the focus is not on the 13 dispositive nature of the motion, but whether the motion at issue is more than tangentially related 14 to the merits of the case.  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th 15 Cir.), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016).

16 "The common law right of access promotes the public interest in understanding' the 17 judicial process itself, and the bases or explanations for a court's decision."  Ctr. for Auto Safety, 18 809 F.3d at 1102 (internal punctuation and citations omitted).  As the settlement of this matter is 19 more than tangentially related to the merits of the case and the information promotes the public 20 interest in understanding the judicial process and the bases for the court's decision, this Court 21 agrees with those courts that find that a request to seal documents attached to a petition for 22 minor's compromise must meet the compelling reasons standard.  See Estate of Levingston v. 23 Cty. of Kern, No. 116CV00188DADJLT, 2017 WL 4700015, at *2 (E.D. Cal. Oct. 19, 2017); 24 M.F. v. United States, No. C13-1790JLR, 2015 WL 630946, at *3 (W.D. Wash. Feb. 12, 2015); 25 M.P. ex rel. Provins v. Lowe's Companies, Inc., No. 2:11-CV-01985-GEB, 2012 WL 1574801, 26 at *1 (E.D. Cal. May 3, 2012); see also Ambrosino v. Home Depot U.S.A., Inc., No. 11CV1319 27 L MDD, 2014 WL 931780, at *1 (S.D. Cal. Mar. 10, 2014) (most courts considering the issue 28 find that compelling reasons must exist to file a settlement agreement under seal in a motion to

4

approve settlement of a Fair Labor Standards Act settlement).

While a good cause showing does suffice to seal documents produced in discovery, it is not sufficient without more to satisfy the compelling reasons test to rebut the presumption of access to dispositive pleadings and attachments. Kamakana, 447 F.3d at 1180. Further, the Ninth Circuit has held that the fact that the parties agree or desire for information to be confidential is not a compelling reason to seal a document. Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1138 (9th Cir. 2003); see also United Tactical Sys., LLC v. Real Action Paintball, Inc., No. 14-CV-04050-MEJ, 2017 WL 1881157, at *3 (N.D. Cal. May 9, 2017) (That public disclosure of the terms of a settlement agreement could disadvantage the parties in future litigation is not, on its own, a compelling reason to file a settlement agreement under seal); Ambrosino v. Home Depot U.S.A., Inc., No. 11CV1319 L MDD, 2014 WL 931780, at *2 (S.D. Cal. Mar. 10, 2014) (argument that the parties desire the settlement to remain confidential is woefully insufficient to meet the burden to demonstrate compelling reasons).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on the petition for approval of settlement and compromise of minor's claims is CONTINUED to November 5, 2018, at 4:00 p.m. in Courtroom 9;
2. Plaintiff shall file the motion to seal, without the attached exhibit 1, on or before October 22, 2018; and
3. If the parties seek to discuss this issue informally with the Court they may contact Courtroom Deputy Mamie Hernandez to arrange a telephonic conference.

IT IS SO ORDERED.

Dated: **October 18, 2018**

_____
UNITED STATES MAGISTRATE JUDGE