| | |
|---|---|
| KRISTI LAURIS, et. al.,<br><br>        Plaintiffs,<br><br>v.<br><br>NOVARTIS AG, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00393-SEH-SAB<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO SEAL SETTLEMENT AMOUNT IN FURTHERANCE OF PETITION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINOR'S CLAIMS<br><br>(ECF Nos. 426, 427) |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On August 17, 2018, a notice of settlement was filed. (ECF No. 414.) On August 30, 2018, at the stipulation of the parties, the matter was referred to the undersigned for consideration of the settlement documents. (ECF No. 417.) On September 14, 2018, a notice of petition for approval and settlement of the minor's claims was filed along with a request to file documents under seal. (ECF Nos. 418, 419.) The request to file documents under seal was denied without prejudice on September 17, 2018. (ECF No. 421.) On September 25, 2018, a petition for approval of settlement and compromise of the minor's claims was filed. (ECF No. 423.) The amount of the settlement was not disclosed in the petition.

A hearing on the petition for minor's compromise was held on October 17, 2018, during which the parties addressed the disclosure of the amount offered to the minor in settlement of this action. The parties sought for the Court to determine the petition without public disclosure

1

of the amount of the settlement. The Court declined to do so without authority demonstrating the appropriateness of the request. The hearing was continued to November 5, 2018 for the parties to consider the issue. On October 22, 2018, Plaintiffs filed an unopposed motion to seal the settlement amount in furtherance of the petition for approval of the settlement and compromise of the minor's claims. (ECF No. 426.) On October 23, 2018, Defendant filed a notice of joinder in the motion to seal. (ECF No. 427.)

As the previous orders addressing the issue of sealing stated, courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).

There are two different standards for sealing documents. First, where the request to seal addresses "private materials unearthed in discovery," such as discovery or non-dispositive motions, the moving party is required to show that good cause exists to seal the documents. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).

Where documents are accompanying a motion for resolution of disputes on the merits that "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events . . . 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179. The Ninth Circuit has recently found that the focus is not on the dispositive nature of the motion, but whether the motion at issue is more than tangentially related to the merits of the case. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir.), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016). The undersigned previously agreed with those courts that find that a request to seal documents attached to a petition for minor's compromise must meet the compelling reasons standard. Estate of Levingston v. Cty. of Kern, No. 116CV00188DADJLT,

1  2017 WL 4700015, at *2 (E.D. Cal. Oct. 19, 2017); M.F. v. United States, No. C13-1790JLR,
2  2015 WL 630946, at *3 (W.D. Wash. Feb. 12, 2015); M.P. ex rel. Provins v. Lowe's Companies,
3  Inc., No. 2:11-CV-01985-GEB, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012).

Defendant seeks to have the Court reverse the prior finding that the compelling reasons standard applies to the instant motion and find that the request only requires a showing of good cause. Defendant argues, as did Plaintiffs in the original motion to seal, that petition for minor's compromise is not related to the merits of the action and raises issues that are wholly tangential to the merits. However, Defendant does not cite a single case that applied the good cause standard to a request to seal settlement documents involving approval of the settlement of an action.

The Court understands the argument that settlement of the action does not approximate or constitute a proxy for damages awarded by a trier of fact and that settlement involves compromise that reflects "certain litigation discounts and premiums and consideration for factors such as early case termination without trial and, expressly here, confidentiality of the settlement." (ECF No. 427 at 2.) However, the Court cannot find that the amount of settlement is unrelated to the merits of the action. The amount offered in settlement, while taking into consideration the factors cited by Defendant, is reflective of the merits of the action. For example, this Court has approved a minor's settlement where the case settled for a waiver of costs and fees. Garcia v. City of Fresno, No. 16-cv-01340-LJO-SAB (E.D. Cal. April 2, 2018). In such an instance, it would indicate that the parties to the action determined there was little merit to the claims raised. Contrarily, the fact that the defendant was willing to offer a substantial sum to settle an action would indicate that the allegations in the complaint were potentially meritorious. Therefore, the Court declines to apply the good cause standard to the pending request to seal.

Citing Hummel v. Bimbo Bakeries USA, Inc., No. 14-CV-03683-JSC, 2015 WL 13738406 (N.D. Cal. Sept. 21, 2015), Plaintiffs argue that the minor's privacy interests and the policy of encouraging settlements are compelling reasons to seal the settlement amount in this action. The party seeking to have the document sealed must present "articulable facts"

identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. Kamakana, 447 F.3d at 1180. The Court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed. Id. at 1178-79. This requires the Court to conscientiously balance the competing interests of the public in accessing the records and the party who seeks to keep the records secret. Id. at 1179. The Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citations omitted). The fact that the parties have agreed to keep information confidential is not a compelling reason to seal court records. Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1138 (9th Cir. 2003.)

Plaintiffs argue that the minor here is a senior in high school and will be leaving the area in the fall to start college. Plaintiffs contend that there is a substantial risk that publicly revealing the sum that she is to receive in settlement of her claim will put her at risk of ill-intended solicitations at an age and place where she is particularly vulnerable.

In Hummel, the court was considering the settlement of a Fair Labor Standards Act ("FLSA") action that is subject to judicial approval. Hummel, 2015 WL 13738406, at *2; see Nen Thio v. Genji, LLC, 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014) ("[S]ettlements of collective action claims under the FLSA also require court approval."). When confronted with a motion to settle an FLSA claim, the court "must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." Nen Thio, 14 F.Supp.3d at 1333. The Hummel court found that unlike settlement agreements in other areas of law that frequently remain confidential, the settlement of an FLSA action is filed with the court and becomes a judicial record so is subject to the presumption of public access that cannot be overcome absent compelling reasons. Hummel, 2015 WL 13738406, at *2.

In Hummel, the court rejected the argument that the fact that confidentiality of the agreement was a material term of the settlement, there were privacy interests at stake for both parties, and that confidentiality was necessary to prevent copy-cat lawsuits by other employees

1  were compelling reasons to seal the settlement.  2015 WL 13738406, at *2-3.  But the court
2  found that the fact of the individual nature of the settlement at issue, that the monetary amounts
3  of settlement agreements were often confidential, and that requiring the disclosure of the
4  settlement amount would discourage future settlements were sufficient to justify sealing the
5  settlement amount.  Id. at *3.

6  Similar to the court in Hummel, this Court considers that the monetary amounts of
7  settlement are often confidential and disclosing the amount would discourage future settlement.
8  But what the Court finds most compelling here is the privacy interest of the minor in this action
9  who will be away from home attending college in the fall.  For example, college students are
10 prime targets for credit card companies due to their lack of financial knowledge and the
11 expectation that they will experience an increase in wealth once they graduate and obtain a job.
12 Robert Park, Comment, Credit Card Marketing Geared Toward Students and the Policies to
13 Address the Dilemma: Can More be Done?, The National Law Review (Feb. 23, 2017), available
14 at https://www.natlawreview.com/article/credit-card-marketing-geared-towards-students-and-
15 policies-to-address-dilemma-can (last visited October 24, 2018).  Disclosing the amount the
16 minor receives in settlement of this action could subject her to ill-intended solicitations at a time
17 when she is financially vulnerable and away from the stable influences of her family.  The Court
18 finds that the fact that monetary settlements are generally confidential, disclosing the amount
19 would discourage settlements, and protecting the minor from being taken advantage of by others
20 are compelling reasons to seal the amount of the settlement.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' unopposed motion to seal the settlement amount in furtherance of petition for approval of settlement and compromise of minor's claims is GRANTED; and

2. Plaintiff shall file redacted documentation of the settlement in the public record and the unredacted copy shall be filed under seal pursuant to Local Rule 141 within five (5) days of the date of entry of this order.

IT IS SO ORDERED.

Dated: **October 26, 2018**

UNITED STATES MAGISTRATE JUDGE