# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI LAURIS, et. al., | Case No. 1:16-cv-00393-SAB |
| Plaintiffs, | ORDER GRANTING PETITION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINOR'S CLAIMS AND PERMISSION TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| NOVARTIS AG, et al., | |
| Defendants. | (ECF No. 423, 429) |
| | SIXTY-DAY DEADLINE |

## I.

## RELEVANT BACKGROUND

On March 22, 2016, Plaintiff Kristi Lauris filed this action on behalf of herself and as guardian ad litem for minor Plaintiffs L.L. and Taylor Lauris against Defendants Novartis AG and Novartis Pharmaceuticals Corporation. (ECF No. 1.) On March 2, 2017, the matter was reassigned to District Judge Sam E. Haddon for all further proceedings. (ECF No. 82.) On August 17, 2018, a notice of settlement was filed. (ECF No. 414.) On August 30, 2018, at the stipulation of the parties, the matter was referred to the undersigned for consideration of the settlement documents. (ECF No. 417.) On September 14, 2018, a notice of petition for approval and settlement of the minor's claims was filed along with a request to file documents under seal. (ECF Nos. 418, 419.) The request to file documents under seal was denied on September 17,

1  2018.  (ECF No. 421.)  On September 25, 2018, a petition for approval of settlement and
2  compromise of the minor's claims was filed.  (ECF No. 423.)

3　　　　A hearing on the petition was held on October 17, 2018.  Counsel Richard Elias and
4  James Weakley appeared with Plaintiffs Kristi Lauris, Taylor Lauris, and minor L. L. Lauris.
5  Counsel Sandra Edwards appeared for Defendant Novartis Pharmaceuticals Corporation.  The
6  hearing was continued to November 5, 2018, for the parties to address the public disclosure of
7  the settlement amount.

8　　　　On October 22, 2018, Plaintiffs filed an unopposed motion to seal the settlement amount.
9  (ECF No. 426.)  On October 23, 2018, Defendant filed a joinder in Plaintiff's motion for to settle
10 settlement amount.  (ECF No. 427.)  The motion to seal the settlement amount was granted on
11 October 26, 2018.  (ECF No. 428.)  On October 31, 2018, Plaintiff filed a second declaration in
12 support of the petition.  (ECF No. 429.)

13　　　　On November 1, 2018, an informal teleconference was conducted at the request of the
14 parties.  (ECF No. 431.)  Counsel Counsel Richard Elias, James Weakley, and Brande Gustafson
15 appeared for Plaintiffs.  Counsel Sandra Edwards appeared for Defendant.  (Id.)  The parties
16 informed that Court that the second declaration had been filed and that an annuity would be
17 established for a period of seven years for the settlement amount.  It was further discussed that
18 the documents referring the matter to the undersigned were ambiguous as to consent and the
19 parties agreed to file a notice of consent to the undersigned to decide the instant petition.  On
20 November 2, 2018, the parties filed a notice consenting to the undersigned conducting all
21 proceedings for the disposition of the settlement of the action.  (ECF No. 432.)  On November 6,
22 2018, the matter was reassigned to the undersigned.  (ECF No. 434.)

23　　　　Having considered the moving, opposition and reply papers, the declarations and exhibits
24 attached thereto, arguments presented at the October 17, 2018 hearing, as well as the Court's file,
25 the Court issues the following order.

26                                           **II.**

27                                    **LEGAL STANDARD**

28　　　　The parties have not specified whether state or federal law would apply to the settlement

of the minor's claims nor have they addressed the legal standard applicable in this action. "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Robidoux, 638 F.3d at 1182. The Ninth Circuit has directed that "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Id. In Robidoux, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel). However, the Robidoux court was addressing the settlement of federal claims and did not address the proper approach for the federal court to take when sitting in diversity and the approving the settlement of a minor's state law claims. Id. at 1179 n.2.

Here, all Plaintiff's claims arise under California law and the court has diversity jurisdiction over the matter. In considering the fairness of the settlement of a minor's claims, federal courts are generally guided by state law. Mitchell v. Riverstone Residential Grp., No. CIV. S-11-2202 LKK, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); O'Connell & Stevenson, Rutter Group Prac. Guide: Federal Civ. Proc. Before Trial § 15:138 (The Rutter Group 2018). Under California law, an enforceable settlement of a minor's claim must be approved by the Court. Cal. Prob. Code §§ 2504, 3500, 3600 et seq.; Cal. Civ. Proc. Code § 372. Further, attorney fees for services in litigation and costs must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.

Additionally, Local Rule 202(b) states that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Any application for approval of a proposed settlement or

3

compromise must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise. . ..

Local Rule 202(b)(2).

### III.

### DISCUSSION

The petition for minor's compromise and supplemental declaration set forth the required information. Plaintiff is a 17-year-old female. (Decl. of Richard M. Elias ("Elias Decl.") ¶ 17, ECF No. 31.) The minor's claims are based on products liability due to the death of her father from complications of accelerated and severe atherosclerotic-related conditions which Plaintiffs contend were caused by Tasigna. (Petition for Approval of Settlement and Compromise of Minor's Claims ¶ 1, ECF No. 423.) Plaintiff's father died at the age of 49 on May 31, 2014. (Id.)

The parties engaged in a full day mediation in January 2018, and the case did not settle at that time. (Elias Decl. ¶ 3.) A second mediation occurred on August 7 and 8, 2018. (Id.) The parties have reached a settlement agreement that will fully release Defendants from all claims arising out of or related to the facts in this lawsuit and will dismiss the lawsuit with prejudice. (Id. ¶ 4.)

The minor's settlement shall be deposited into a fixed annuity with a term of seven years. (Sec. Decl. of Richard Elias in Supp. of Petition for Approval of Settlement and Compromise of Minor's Claims ¶ 4, ECF No. 429.) The minor will be able to draw ten percent of the contract value per year during the seven-year term. (Id.) The minor is set to graduate from high school and will be entering college in the fall. The Court finds that the terms of the annuity adequate take into consideration the reasonable expenses that the minor will be incurring during her college career and adequately protects her by providing that the bulk of the settlement will be released at a time where she is more mature and capable of making informed decisions.

1       Plaintiff is represented by Richard Elias and Tamara Spicer of Elias Gutzler Spicer LLC ("EGS") and James D. Weakley and Brande L. Gustafson of Weakley & Arendt ("W&A") in this matter. (Elias Decl. ¶ 7.) The plaintiffs entered into a contingency agreement with counsel, in which the fee is thirty-three percent of the total recovery for all Plaintiffs. (Id.) EGS will also recover their costs for litigating this matter. (Id.) W&A will receive twenty percent of the fees collected by EGS. (Id.) All attorney fees and costs will be paid from the aggregate settlement amount and the minor will not be responsible for any attorney fees or costs. (Id.)

      Having considered the unopposed petition, the Court finds that the settlement agreement is fair and reasonable in light of the fact that the parties have actively litigated this action over a period of years and have engaged in several mediation sessions prior to reaching settlement. Having reviewed the amount that the minor will receive in settlement, the terms of the annuity to be established for the minor, and the fact that all litigation costs and attorney fees are to be paid from the aggregate settlement amount and the minor will not be responsible for any attorney fees or costs, the Court finds that the settlement is a fair and reasonable compromise of the minor's claims in this action.

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' petition for approval of settlement and compromise of minor's claims is GRANTED and the settlement is APPROVED;

2. Defendant shall prepare and deliver the settlement fund proceeds;

3. Upon receipt of the settlement funds, a fixed annuity with New York Life shall be purchased for the minor as set forth in the second declaration of Richard Elias;

4. Within forty-five (45) days of receipt of the settlement funds from Defendant, Plaintiff's counsel shall file under seal proof to the Court that the monies were deposited into a fixed annuity for the benefit of the minor;

5. Within sixty (60) days of the entry of this order, the parties shall file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or a joint

status report explaining why a stipulated dismissal has not been filed; and

6. This order authorizes the filing under seal of documents identifying the annuity into which the minor's funds are deposited.

IT IS SO ORDERED.

Dated: __**November 6, 2018**__

                                                    UNITED STATES MAGISTRATE JUDGE